UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL MURRAY,

                Plaintiff,

-against-

ORANGE COUNTY PROSECUTORS OFFICE; CORRECT CARE SOLUTIONS; DR. FELDMAN; DAVID HOOVLER; JOHN GEIDEL; ERIC PARKER,

                Defendants.

18-cv-442 (NSR)

MEMORANDUM & ORDER

---

NELSON S. ROMÁN, United States District Judge:

    The Court is in receipt of *pro se* Plaintiff's request, dated October 19, 2018, for appointment of *pro bono* counsel. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may at its discretion order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

    The Second Circuit has set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often

unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

The Court has considered the substance and complexity of this case and Plaintiff's ability to present the case as well as the other factors and does not find any exceptional circumstances which warrant the appointment of *pro bono* counsel at this time.

Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's request for the appointment of counsel is DENIED without prejudice to renewal at a later stage in the proceedings. The Clerk of the Court is respectfully directed to terminate Plaintiff's motion at ECF No. 35 and to mail a copy of this Order to the Plaintiff at his address as listed on ECF.

Dated: October 23, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge