UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

MICHAEL MURRAY,

                Plaintiff,

  -against-                                          18-CV-0442 (NSR)

ORANGE COUNTY, CORRECT CARE SOLUTIONS,      OPINION & ORDER
and DR. SORREL FELDMAN,

                Defendants.
───────────────────────────────

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Michael Murray ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants Orange County, Correct Care Solutions ("CCS"), and Dr. Sorrel Feldman ("Dr. Feldman") (collectively, "Defendants"), alleging that he received inadequate medical care while he was a pretrial detainee at Orange County Jail. Presently before the Court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). (ECF No. 61.) For the following reasons, the motion to dismiss is GRANTED.

## BACKGROUND

    The below facts are taken from the SAC and matters of which the Court may take judicial notice. They are accepted as true for purposes of this motion.

    The SAC consists of approximately 28 pages containing references to legal principles and case citations, but it contains few facts. Interpreting his allegations liberally, Plaintiff attempts to assert claims pursuant to Section 1983 for, *inter alia*, deliberate indifference to his medical needs. Plaintiff seeks damages against Defendants Orange County, Dr. Feldman, and CCS.[1] Dr.

---

[1] The SAC lacks any allegations supporting the individual involvement of the Medical Director/CEO of CCS. At most, the SAC suggests that CCS is responsible for providing the medical treatment at the facility.

Feldman is the chief medical doctor at Orange County Jail ("OC Jail") and an employee of CCS. CCS is a private entity that is responsible for providing medical services to inmates and detainees at the facility.

Plaintiff was a pretrial detainee at OC Jail. Prior to his detainment, Plaintiff was the victim of a brutal stabbing, resulting in a long hospitalization. Plaintiff sustained approximately 23 wounds requiring surgery. As a result of this incident, Plaintiff suffered hypoxic brain damage, post-traumatic stress disorder ("PTSD"), and keloid scars. While at OC Jail, Plaintiff was prescribed Prozac for his PTSD. The medication increased his anxiety, and he subsequently stopped taking it. He now suffers from chronic headaches.

Upon his release from the hospital and subsequent detainment, Plaintiff required further medical treatment, which he alleges he failed to receive at OC Jail. Plaintiff asserts that he saw multiple physicians on several occasions but was never actually examined or treated.

Also during his detainment, Plaintiff passed a blood clot through his urine. He informed the medical staff but did not received any response or treatment. Because of this incident, Plaintiff now experiences incontinence and erectile dysfunction.

Plaintiff alleges that he filed four grievances concerning his failure to receive proper medical care. Each grievance was resolved informally, and no appeal was undertaken. Plaintiff alleges, however, that he exhausted his administrative remedies, including writing to the Commissioner of the Department of Corrections and Community Supervision in Albany.

## LEGAL STANDARDS

**RULE 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

While the complaint does not need detailed factual allegations in order to survive a motion to dismiss, it must contain "more than labels and conclusions, and a formulaic recitation of the elements will not do." *Stan v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010). In determining if the complaint has met the requirements to survive a motion to dismiss, the court will accept all non-conclusory allegations contained in the complaint and draw all reasonable inferences in plaintiff's favor. *Ruotolo v. City of New York.*, 514 F.3d 184, 188 (2d Cir. 2008). At this stage, the duty of the court "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Cooper v. Parsky*, 140 F. 3d 433, 440 (2d Cir. 1998).

The standard to assess complaints drafted by *pro se* plaintiffs is less stringent than the one used for complaints drafted by attorneys. *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009). The court is required to interpret a *pro se* complaint to raise the strongest arguments it presents. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Even under this relaxed standard, however, "*pro se* plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. N.Y.S. Dep't Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010). Therefore, dismissal remains appropriate in instances where an essential element necessary for relief is missing. *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009). Additionally, the duty to liberally construe the complaint of a *pro se* plaintiff is not the equivalent of a duty to rewrite it. *Id.*

**SECTION 1983**

Section 1983 provides that "[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is

not itself the source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).

To state a claim under Section 1983, a plaintiff must allege the challenged conduct was attributable to a person who was acting under color of state law, and "the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York,* No. 09 Civ. 5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. Apr. 25, 2013); *see also Cornejo v. Bell*, 529 F.3d 121, 127 (2d Cir. 2010). In other words, there are two elements to a Section 1983 claim: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. Cty. of Westchester*, 136 F.3d 239, 245 (2d. Cir. 1998); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347,354 (E.D.N.Y. 1999) (noting that Section 1983 "furnished a cause of action for violation of federal rights created by the Constitution").

## DISCUSSION

### I. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under . . . Federal law[] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

The Supreme Court has construed the PLRA to require "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Proper exhaustion is attained when an inmate appeals to the highest procedure level possible and receives a final decision regarding his grievance. *See Torres v. Carry*, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009) (citing *Partee v. Grood,* No. 06 Civ. 15528(SAS), 2007 WL 2164529, at *3 (S.D.N.Y. Jul. 25, 2007)); *Mendez v. Artuz,* No. 01 Civ. 4157(GEL), 2002 WL 313796, at *2 (S.D.N.Y. Feb. 27, 2002). The mere filing of an appeal is insufficient. *Mendez*, 2002 WL 313796 at *2.

Notably, "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to affirmatively plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, the affirmative defense of nonexhaustion "must be pled by defendants." *Martinez v. P.A. Williams R.*, 349 F. Supp. 2d 677, 682 (S.D.N.Y. 2004) (citing *Jenkins v. Haubert,* 179 F.3d 19, 28-29 (2d Cir.1999)). As a result, courts generally may not grant a Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies unless nonexhaustion is clear from the face of the complaint and incorporated documents. *See McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003); *Hilbert v. Fischer*, No. 12 Civ. 3843(ER), 2013 WL 4774731, at *3 (S.D.N.Y. Sept. 5, 2013).

There are, however, three limited circumstances in which extrinsic evidence of exhaustion may be considered by courts: (1) the standard *pro se* complaint form has a checked box regarding exhaustion; (2) the allegations in the complaint clearly state that the inmate exhausted administrative remedies; or (3) the complaint clearly establishes that the inmate had, in fact, not exhausted administrative remedies. *Williams v. Annucci*, 16-CV-7288 (NSR), 2018 WL 3148362, at *5 (S.D.N.Y. June 27, 2018) (citing *Colón v. N.Y.S. Dep't of Corr. & Cmty. Supervision*, No. 15 Civ. 7432 (NSR), 2017 WL 4157372, at *5 (S.D.N.Y. Sept. 15, 2017)); *see also Wilson v. N.Y.C. Police Dep't*, No. 09 Civ. 2632(PAC)(HBP), 2011 WL 1215031 (S.D.N.Y.

5

Feb. 4, 2011) ("[I]n situations where exhaustion of administrative remedies is a prerequisite to bringing suit, a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein."); *Smart v. Goord*, 441 F. Supp. 2d 631 (S.D.N.Y. 2006) ("As exhaustion of administrative remedies is a prerequisite to bringing suit, an inmate necessarily refers to and relies on documents exhibiting proof of exhaustion.  Because the exhaustion issue is an integral part of a prisoner's claim, the Court may refer to materials outside of the complaint on a 12(b)(6) motion . . . .").

Here, Plaintiff affirmatively states in his SAC that he exhausted his administrative remedies, while simultaneously asserting that all of his grievances were resolved informally without undertaking an appeal.  Accordingly, the Court may consider extrinsic evidence on the issue of exhaustion.  In support of their motion to dismiss, Defendants proffer evidence that Plaintiff has failed to pursue and/or appeal any of his grievances concerning his allegations of lack of medical care.  Having established Plaintiff's failure to exhaust, Defendants are entitled dismissal of all claims sounding in deliberate indifference to medical care.

## II.     DELIBERATE INDIFFERENCE CLAIMS

Even if he had exhausted his administrative remedies, Plaintiff fails to assert sufficient facts to state a claim for relief regarding his deliberate indifference claims.  Claims of deliberate indifference to a pretrial detainee's medical needs "are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment."  *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (internal citations omitted). This Fourteenth Amendment analysis contains an objective and subjective component.  *Id.*  "The objective component requires that 'the alleged deprivation be sufficiently serious in the sense that [it be] a condition of urgency, one that may produce death, degeneration, or extreme pain exists.'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (*quoting Hathaway v. Coughlin*, 99 F.3d 550,

6

553 (2d Cir. 1996)). The subjective component requires a showing that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed." *Darnell*, 849 F.3d at 35. Here, Plaintiff's claims are asserted in conclusory fashion, lacking in factual allegations. He fails to plead any facts that establish that an individual acted with the requisite deliberate indifference to his medical needs. Therefore, Plaintiff's deliberate indifference allegations fail to state a claim for relief that is plausible on its face, thereby warranting dismissal.

Plaintiff's assertion that Dr. Feldman failed to make a referral to a specialist is unavailing and does not alter the outcome. As Plaintiff alleges, Dr. Feldman informed him that "specialist care could be provided upon the Plaintiff's release." But it is well settled that mere disagreement with the course of treatment does not rise to the level of a medical indifference claim. *See Randle v. Alexander*, 960 F. Supp. 2d 457, 481 (S.D.N.Y. 2013) (noting that an "inmate's disagreement with his treatment or a difference of opinion over the type or course of treatment [does] not support a" deliberate indifference claim (quoting *Alston v. Bendheim*, 672 F. Supp. 2d 378, 385 (S.D.N.Y. 2009)). Accordingly, Dr. Feldman's statement, without more, is legally insufficient to assert a plausible claim.

### III. *MONELL* CLAIM

Plaintiff seeks to hold Orange County liable for inadequate medical care as the municipality responsible for OC Jail. A municipality may be held under liable under Section 1983 only if the challenged conduct was "pursuant to a municipal policy or custom," *Patterson*, 375 F.3d at 226 (citing *Monell v. Dep't of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 692-94 (1978)), or caused by a "failure to train," *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)). To satisfy *Monell's* policy or custom requirement, a plaintiff must show either that the challenged practice "was so persistent or widespread as to

constitute a custom or usage with the force of law," or that the "practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015) (internal quotations omitted). Where a failure to act is implicated, a plaintiff must show "that defendants knew to a moral certainty that the [municipal entity] would confront a given situation; the situation presented the [municipal entity] with a difficult choice or there was a history of its mishandling the situation; and the wrong choice by the [municipal entity] would frequently cause the deprivation of plaintiffs' rights."  *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) (citing *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992)).

Here, the SAC fails to cite to a single municipal policy or custom, or a failure to act attributable to Orange County, that led to Plaintiff's alleged lack of medical treatment.  A "general and conclusory allegation" of a municipal policy or custom fails to state a plausible *Monell* claim. *Littlejohn*, 795 F.3d at 31.  Accordingly, Plaintiff's claim asserted against Orange County must be dismissed.

## IV. REMAINING CLAIMS

To the extent Plaintiff attempted to assert claims under the Health Insurance Portability and Accountability Act ("HIPAA") and the Americans with Disabilities Act ("ADA"), said claims must be dismissed.  Other than to make a passing reference to several statutes, including the HIPAA and the ADA, Plaintiff fails to assert any factual allegations in support of such claims. More than mere labels, conclusions, or formulaic recitation of the elements of claim is required to assert a plausible claim.  *Stan*, 592 F.3d at 321.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the SAC pursuant to Rule 12(b)(6) is GRANTED.  Given that this is Plaintiff's third pleading, the dismissal is with

prejudice. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 61, to terminate the action, and to serve a copy of this Opinion and Order upon Plaintiff at his last known address and show proof of service on the docket.

Dated: June 23, 2020
      White Plains, New York

SO ORDERED

_____
Nelson S. Román
United States District Judge